60 F.3d 829
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ellis Harold SMITH, Defendant-Appellant.
 No. 94-6071.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1995.
 
 Before: NELSON and RYAN, Circuit Judges, and ECHOLS, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Ellis Harold Smith and two others, Jimmy and Timothy Gomez, were indicted by a federal grand jury on drug charges. Count two of the indictment charged that the men, aided and abetted by each other, attempted to possess marijuana with intent to distribute it, thereby violating 18 U.S.C. Sec.846 and 18 U.S.C. Sec.2.
 
 
 2
 A jury found Mr. Smith guilty on count two, while finding him not guilty on a related conspiracy charge. Jimmy Gomez was found guilty on both counts, and Timothy Gomez was acquitted on both counts.
 
 
 3
 Mr. Smith has appealed his conviction, contending (1) that he was deprived of a fair trial by the government's destruction of an audio surveillance tape; (2) that he could not properly be convicted on the attempt charge absent proof of a conspiracy; and (3) that the trial court erred in failing to conduct a hearing on the competency of an informant, one Tony Ortiz, who testified for the government. Finding none of these contentions persuasive, we shall affirm the conviction.
 
 I.
 
 4
 Tony Ortiz was arrested in Louisiana when more than 100 pounds of marijuana was found in his van. He told the police that he was supposed to deliver the marijuana to Corbin, Kentucky, and he agreed to cooperate in making a controlled delivery there.
 
 
 5
 When Mr. Ortiz reached Kentucky he placed a telephone call, in accordance with what he said was his standard procedure, and left word for Jimmy Gomez to call him. Gomez did so, and made arrangements to pick up the van at a motel where Ortiz had taken a room.
 
 
 6
 Defendant Smith, who operated an auto repair shop in Corbin, drove Gomez to the motel. Gomez went to Ortiz' room, got the key to the van, and started to drive the van away, followed by Mr. Smith. The two men were arrested in the motel driveway.
 
 
 7
 The police had wired Mr. Ortiz' room, and they attempted to record a brief conversation conducted (apparently in Spanish) between Ortiz and Gomez in the doorway of the room. A government agent who did not speak Spanish concluded that the tape recording of the conversation had no evidentiary value -- the court was told outside the presence of the jury that the conversation apparently occurred too close to a television set -- and the recording was disposed of or taped over. The defendants moved to dismiss the charges against them because of the destruction of the tape, but the motion was overruled.
 
 II.
 A.
 
 8
 Mr. Smith argues on appeal that the government violated his due process rights by destroying the tape. Whether destruction of evidence by the prosecution amounts to a violation of due process turns on the principles enunciated in California v. Trombetta, 467 U.S. 479 (1984), and Arizona v. Youngblood, 488 U.S. 51 (1988). In Youngblood the Supreme Court distinguished between "materially exculpatory" and "potentially useful" evidence. Failure to preserve materially exculpatory evidence violates due process regardless of the good or bad faith of the government, but failure to preserve evidence that is merely potentially useful does not violate due process absent a showing of bad faith on the part of the government. Id. at 57-58. A district court's conclusion that the government did not destroy potentially useful evidence in bad faith is a finding of fact that is subject to reversal only for clear error. United States v. Bohl, 25 F.3d 904, 909 (10th Cir. 1994).
 
 
 9
 In the case at bar there has been no showing that anything on the tape was materially exculpatory. It is clear that Smith's voice was never caught on tape, and the defense made no attempt to question Ortiz about what passed between him and Gomez at the motel. The government did not know what the parties to the conversation were saying, and the recording was thus in the "potentially useful" category. United States v. Femia, 9 F.3d 990, 995 (1st Cir. 1993).
 
 
 10
 Mr. Smith contends that the government's action in destroying the tape without having it reviewed by someone who could understand Spanish is sufficient to show bad faith. We disagree. Even gross negligence is not equivalent to bad faith. Femia, 9 F.3d at 995. Mr. Smith has not shown that the government destroyed the tape "in a calculated effort to circumvent the disclosure requirements established by Brady v. Maryland [373 U.S. 83 (1968)] and its progeny." Trombetta, 104 S. Ct. at 2534. Accordingly, Mr. Smith has not met the Youngblood test for showing that the government violated his right to due process.
 
 B.
 
 11
 Mr. Smith argues that his conviction should be overturned because the government failed to make out a prima facie case of conspiracy. Smith was convicted not of conspiracy, however, but of aiding and abetting an attempt to possess marijuana. To convict a person of aiding and abetting a drug offense, the government must establish that the defendant associated himself with the crime, intended to bring it about, and sought by his actions to make it succeed. United States v. Gray, 1992 WL 56997, at * * 4 (6th Cir. March 24, 1992). A rational jury could have concluded that Mr. Smith associated himself with Gomez' crime and sought to make it succeed by driving Gomez to the motel.
 
 C.
 
 12
 Finally, Mr. Smith contends that the trial court had an obligation to make a preliminary determination of Ortiz' competency to testify once the court realized that Ortiz had received a "sweetheart deal" in exchange for his cooperation. Under the Federal Rules of Evidence, however, witnesses are presumed competent to testify. Fed. R. Evid. 601. Opposing counsel bears the burden of disputing a witness' appreciation of his duty to tell the truth and ability to observe, recall, and communicate events. United States v. Phibbs, 999 F.2d 1053, 1069 (6th Cir. 1993), cert. denied, 114 S. Ct. 1070 (1994). Mr. Smith never challenged Mr. Ortiz' competency to testify until this appeal, and the trial court was under no duty to raise the issue ex mero mutu.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation